GRADSTEIN & MARZANO, P.C.
HENRY GRADSTEIN (State Bar No. 89747)
hgradstein@gradstein.com
MARYANN R. MARZANO (State Bar No. 96867)
mmarzano@gradstein.com
6310 San Vicente Blvd., Suite 510
Los Angeles, California 90048
Telephone: (323) 776-3100

ROBERT E. ALLEN, A Prof. Corp.
ROBERT E. ALLEN (State Bar No. 166589)
robert@ipcounsel.me
2711 N. Sepulveda Blvd., #425
Manhattan Beach, CA 90266
Telephone: (310) 895-8925

Attorneys for Plaintiffs
LISA STEVENS BROWN
and MARK STEVENS

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA STEVENS BROWN, an individual; and MARK STEVENS, an individual, <br><br>  Plaintiffs, <br><br> v. <br><br> CBS STUDIOS, INC., a Delaware corporation; and DOES 1 through 10, <br><br>  Defendants. | Case No. 2:15-CV-02068 <br><br> **COMPLAINT FOR:** <br><br> **(1) DIRECT COPYRIGHT INFRINGEMENT; AND** <br><br> **(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT.** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs LISA STEVENS BROWN and MARK STEVENS (collectively, "Plaintiffs") allege against Defendant CBS STUDIOS, INC. and DOES 1 through 10 (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement in connection with the United States renewed and extended term of copyright in the musical composition entitled "Hawaii Five-O Theme," composed by Morton Stevens (the "Composition").

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2201 as such arise under the copyright laws of the United States, 17 U.S.C. § 101, *et seq*.

3. Venue of this action is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) as the Defendants reside in this District and/or maintain executive offices and conduct business in this District.

## THE PARTIES

4. Plaintiff Lisa Stevens Brown is an individual who is a citizen and resident of the State of Virginia, Fairfax County ("Lisa Stevens").

5. Plaintiff Mark Stevens is an individual who is a citizen and resident of the State of Hawaii, County of Maui ("Mark Stevens").

6. Upon information and belief, Defendant CBS Studios Inc. is a Delaware corporation and the successor-in-interest to CBS, Inc. and CBS Television Network, a Division of Columbia Broadcasting System, Inc. (collectively, "CBS").

7. Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities when ascertained. Plaintiffs are informed and believe, and on that basis allege, that each of the fictitiously names Defendants is responsible in some manner or capacity for the wrongful

conduct alleged herein, and that Plaintiffs' loss as alleged herein was proximately and/or directly caused by such Defendants' acts.

## FIRST CLAIM FOR RELIEF

### (For Direct Copyright Infringement Against all Defendants)

8. Morton Stevens, born January 30, 1929, was a prolific film and television score composer who composed the iconic musical theme for the CBS *Hawaii Five-0* television series (the "Hawaii Five-0 Theme"). Morton Stevens was the "author" of the Hawaii Five-0 Theme as that term is defined under the United States Copyright Act (which CBS admits in copyright registrations and other documents).

9. On April 14, 1969, CBS caused the Hawaii Five-0 Theme to be registered in the United States Copyright Office for the initial term (Registration Ep 257805) (the "Initial Term Registration," a true and correct copy of which is attached hereto as **Exhibit A**). On October 29, 1969, CBS caused two separate arrangements of the Hawaii Five-0 Theme, the "Arrangement for Stage Dance Band" ("SDB") and the "Arrangement for Quickstep Band" ("QSB"), to be registered in the United States Copyright Office: (a) Registration Ep 264446 (the "SDB Initial Term Registration," a true and correct copy of which is attached hereto as **Exhibit B**); and (b) Registration Ep 264543 (the "QSB Initial Term Registration," a true and correct copy of which is attached hereto as **Exhibit C**).

10. Although CBS did not have the right to do so, on December 23, 1997, CBS filed a renewal registration for the Hawaii Five-0 Theme with the Copyright Office (Registration RE 774-269) (the "Renewal Term Registration," a true and correct copy of which is attached hereto as **Exhibit D**).

11. The Initial Term Registration, the SDB Initial Term Registration, the QSB Initial Term Registration and the Renewal Term Registration all certify that Morton Stevens is the "author" of the Hawaii Five-0 Theme.

12. Morton Stevens and Annie Stevens were married on October 1, 1957. They had two, and only two, children, Lisa Stevens, born in 1961, and Mark Stevens, born in 1963.

13. Morton Stevens died on November 11, 1991 (a true and correct copy of Morton Stevens' death certificate is attached hereto as **Exhibit E** and incorporated herein by reference).

14. Annie Stevens died on June 6, 2014 and bequeathed all of her property, including any interest in the Hawaii Five-0 Theme, to Lisa Stevens and Mark Stevens (a true and correct copy of Annie Stevens' death certificate is attached hereto as **Exhibit F** and incorporated herein by reference).

15. The Hawaii Five-0 Theme was written prior to 1978. Under the United States Copyright Act, the United States copyright in musical compositions written prior to 1978 have two separate terms: (1) the initial term of twenty-eight (28) years (the "Initial Term"); and (2) the extended and renewed term of sixty-seven (67) years (the "Renewal Term"). 17 U.S.C. § 304(a).

16. The Renewal Term for the Hawaii Five-0 Theme commenced on April 7, 1997. Morton Stevens died before the vesting of the Renewal Term for the Hawaii Five-0 Theme. Consequently, as a matter of law, the Renewal Term vested automatically in the statutory successors to Morton Stevens, namely, Annie Stevens, Lisa Stevens and Mark Stevens. 17 U.S.C. § 304(a)(1)(C)(ii)-(iv). *See Petrella v. Metro-Goldwyn-Mayer, Inc.,* __U.S.__, 134 S. Ct. 1962, 1968, 188 L. Ed. 2d 979 (2014).

17. By virtue of the foregoing, Lisa Stevens and Mark Stevens are the sole and exclusive owners of the Renewal Term of copyright in the Hawaii Five-0 Theme.

18. Without Plaintiffs' authorization, license or consent, Defendants have reproduced, prepared derivative works, distributed and performed publicly the Hawaii Five-0 Theme during the Renewal Term, thereby infringing Plaintiffs' exclusive rights of copyright in the Hawaii Five-0 Theme under the Copyright Act, 17 U.S.C. §§ 106(1)-(4), 501. On information and belief, and without limitation:

    (a) CBS produced a continuation of the Original Series (the "New Series"). The New Series debuted on CBS's television network on or about September 20, 2010 and is now in its 5th season. CBS continues to reproduce,

perform and distribute all of the episodes (currently, 112) of the New Series, each of which embodies the Hawaii Five-0 Theme, including, without limitation, through television broadcast, physical DVD sales, digital download and digital streaming.

(b) CBS authorized and continues to authorize the reproduction and distribution of a phonorecord embodying the Hawaii Five-0 Theme entitled *Hawaii Five-0 – Original Songs From the Television Series* (the "Soundtrack Album"), including, without limitation, through physical CD sales, digital download and digital streaming.

(c) CBS caused the preparation of a new derivative recording of the Hawaii Five-0 Theme and embodied it in the New Series and the Soundtrack Album.

19. Each unauthorized reproduction, preparation of a derivative work, distribution and/or performance of the Hawaii Five-0 Theme constitutes a separate and distinct act of copyright infringement.

20. Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiffs' copyright in the Hawaii Five-0 Theme and the direct infringement thereof.

21. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' direct infringement of Plaintiffs' copyright, Plaintiffs are entitled to recover their actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, at Plaintiffs' election, pursuant to 17 U.S.C. § 504(c), Plaintiffs are entitled to recover up to $150,000 in statutory damages for each infringing work.

22. Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

23. The Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiffs irreparable harm for which Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to an injunction under 17 U.S.C. § 502, prohibiting the continued

infringement of the Hawaii Five-0 Theme and an order under 17 U.S.C. § 503 directing the impound, destruction or other reasonable disposition of all infringing works.

## SECOND CLAIM FOR RELIEF

### (For Contributory Copyright Infringement Against All Defendants)

24. Plaintiffs hereby incorporate the allegations set forth above in paragraphs 1 through 23 above, as though fully set forth herein.

25. Through its conduct alleged herein, Defendants knowingly and systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Hawaii Five-0 Theme and derivative works thereof, including, without limitation, by way of public performance via television broadcast and web streaming, and reproduction and distribution of digital and physical copies. Specifically, by licensing to third parties the right to distribute the New Series and the Soundtrack Album, both physically and digitally, the Defendants induced and encouraged these third parties to directly infringe Plaintiffs' copyright in the Hawaii Five-0 Theme.

26. Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiffs' copyrights in the Hawaii Five-0 Theme, and the contributory infringement thereof.

27. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' contributory infringement of Plaintiffs' copyright, Plaintiffs are entitled to recover their actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, at Plaintiffs' election, pursuant to 17 U.S.C. § 504(c), Plaintiffs are entitled to recover up to $150,000 in statutory damages for each infringing work.

28. Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

29. Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiffs irreparable harm for which Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued

contributory infringement of the Hawaii Five-0 Theme, and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works.

## PRAYER

WHEREFORE, Plaintiffs pray for Judgment as follows:

**On the First Claim For Declaratory Relief For Direct Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result of their acts of infringement in an amount according to proof at trial;
2. Alternatively, for an award of statutory damages in an amount of up to $150,000 for each infringing work, according to proof at the time of trial;
3. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Hawaii Five-0 Theme during the Renewal Term;
4. For Plaintiff's attorneys' fees and costs.

**On the Second Claim For Contributory Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result of their acts of contributory infringement in an amount according to proof at trial;
2. Alternatively, for an award of statutory damages in an amount of up to $150,000 for each infringing work, according to proof at the time of trial;
3. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Hawaii Five-0 Theme during the Renewal Term;
4. For Plaintiff's attorneys' fees and costs.

//
//

**On All Claims For Relief:**

1. For costs of suit and attorneys' fees incurred herein;
2. For prejudgment interest at the legal rate; and
3. For such other and further relief as the Court deems just and proper.

DATED: March 19, 2015

GRADSTEIN & MARZANO, P.C.
ROBERT E. ALLEN, A PROF. CORP.

By: /s/ Henry Gradstein
Henry Gradstein
Attorneys for Plaintiffs
LISA STEVENS BROWN
and MARK STEVENS

## **DEMAND FOR JURY TRIAL**

Plaintiffs LISA STEVENS BROWN and MARK STEVENS demand a trial by jury of the claims for relief alleged in this Complaint.

DATED: March 19, 2015        GRADSTEIN & MARZANO, P.C.

ROBERT E. ALLEN, A PROF. CORP.


By:    /s/ Henry Gradstein
         Henry Gradstein
       Attorneys for Plaintiffs
       LISA STEVENS BROWN
       and MARK STEVENS